SEKI, NISHIMURA & WATASE, LLP
GILBERT M. NISHIMURA (SBN 57905)
ANDREW C. PONGRACZ (SBN 258554)
apongracz@snw-law.com
PARISA SALEKI (SBN 32271)
psaleki@snw-law.com
600 Wilshire Boulevard, Suite 1250
Los Angeles, California 90017
Tel.: (213) 481-2869 | Fax: (213) 481-2871

Attorneys for Defendant Rosalina Harris

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL HOLMES,<br><br>Plaintiff,<br><br>vs.<br><br>ROSALINA HARRIS, et al.,<br><br>Defendants. | Case No.: 2:18-CV-03739-PSG<br><br>(Hon. Philip S. Gutierrez)<br><br>**DEFENDANT DEAN HARRIS' AND ARLANI HARRIS' NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES UNDER 42 U.S.C. § 1988; DECLARATIONS OF ANDREW C. PONGRACZ AND PARISA SALEKI**<br><br>**Date**: September 9, 2019<br>**Time**: 1:30 p.m.<br>**Ctrm**: 6A |

**TO THE HONORABLE PHILIP S. GUTIERREZ, UNITED STATES DISTRICT COURT JUDGE, PLAINTIFF CRYSTAL HOLMES, AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE, that on September 9, 2019 at 1:30 p.m. in Courtroom 6A of the above-captioned court, Defendants Dean and Arlani Harris, by and through their counsel of record, will and hereby do move for an order for payment of their attorney fees in the amount of $243,946.20 under 42 U.S.C. § 1988. This motion is made pursuant to this Notice, the Memorandum of Points and Authorities submitted herewith, the Declarations of Andrew C. Pongracz and

-1-
DEFENDANTS' MOTION FOR ATTORNEY FEES

1  Parisa Saleki, all pleadings and documents on file; the minutes of the court clerk;

2  the reporter's notes or transcript; and upon such oral argument that is presented to

3  this Court at the time of the hearing and upon the ruling of this Motion.

4

5                              Respectfully submitted,

6  Dated: July 26, 2019          SEKI, NISHIMURA & WATASE, LLP

7

8                              By: /s/ Andrew C. Pongracz

9                                  ANDREW C. PONGRACZ
                                   PARISA SALEKI
10                                 Attorneys for Defendants

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION FOR ATTORNEY FEES

# **TABLE OF CONTENTS**

**PAGE**

I.    INTRODUCTION………………………………………....    4

II.   PROCEDURAL HISTORY……..……………..…..…..……..    4

III.  STATEMENT OF RELEVANT FACTS……..……………....    5

      A. Counsel's Backgrounds…………………………………    5

      B. Counsel for Defendants Worked Diligently in Securing the

         Dismissals of Dean Harris and Arlani Harris…………………    6

IV.   LEGAL STANDARD……..………………...……..…………    6

V.    ARGUMENT……………………………....…..…………...    7

      A. Parties Stipulated to Use the "Real Rate Report" to Determine a

         Lodestar Rate, as is the Court's Practice………………………..    7

      B. The Requested Amount of Attorney Fees for Dean Harris and

         Arlani Harris is Reasonable…………………………………..    8

      C. An Award Is Justified For Defendants Dean and Arlani Harris

         Because Plaintiff's 1983 Claim …………………………………    8

VI.   CONCLUSION……………………………….................    9

DEFENDANTS' MOTION FOR ATTORNEY FEES

**Memorandum of Law**

## I.    INTRODUCTION

This case arose out of the arrest of Plaintiff Crystal Holmes ("Plaintiff") by the Los Angeles County Sheriff's Department on February 25, 2017. ECF Doc. 1. Plaintiff filed the Complaint in this matter on May 3, 2018, alleging that her arrest was unlawfully procured by her neighbors: Rosalina Harris ("Mrs. Harris"), Dean Harris ("Mr. Harris"), and Arlani Harris. *Id.* Plaintiff's Complaint alleged malicious prosecution by each Defendant. *Id.* Additionally, Plaintiff made two separate claims for Violation of Civil Rights under 42 U.S.C. § 1983 based on her arrest. One claim was against Mrs. Harris, while the other was against Mr. Harris and Arlani Harris. *Id.*

The motion herein argues that Dean Harris and Arlani Harris are entitled to Attorney Fees pursuant to 42 U.S.C. § 1988, because they filed a successful Motion for Summary Judgment which resulted in their dismissal from the case. *See* ECF 82. Defendants Dean and Arlani Harris seek an award of attorney's fees in the amount of $243,946.20. The parties have stipulated that they will request that the 2018 *Real Rate Report* be used as a guide by this Court for the rates of partners and associates. *See* Doc 143-4.

## II.    PROCEDURAL HISTORY

Plaintiff Crystal Holmes ("Plaintiff") filed the Complaint in this matter on May 3, 2018. Plaintiff filed three claims. The first claim was for malicious prosecution against each Defendant. The second and third claims were allegations of the deprivation of Plaintiff's civil rights in violation of 42 U.S.C. § 1983. The second claim was brought against Mrs. Harris only; the third claim was brought against Mr. Harris and Arlani Harris. ECF Doc. 1.

Defendants filed a Motion for Summary Judgement on March 29, 2019. *See* ECF 58 – 60-2. Plaintiff opposed Defendants' motion on April 29, 2019. *See* ECF 64 – 67. Defendant replied to Plaintiff's opposition on May 7, 2019. *See* ECF 69 –

70.  On May 15, 2019, the Court issued an Order granting in part and denying in part Defendant's Motion for Summary Judgement. (ECF 82, Filed 5/15/19, p. 13: "The Court GRANTS summary judgment in Defendants' favor as to Plaintiff's malicious prosecution claim and the § 1983 claim against Defendants Dean and Arlani Harris. The Court DENIES summary judgment as to Plaintiff's § 1983 claim against Defendant Rosalina Harris.").

## III.  STATEMENT OF RELEVANT FACTS

Based on the recent trial and the extensive briefing on various issues, we do not repeat the background the facts of this case in this motion. This Court granted Defendant's Motion for Summary Judgment. ECF 82. In summary, the Court held that Dean Harris and Arlani Harris did not act under color of law in relation to Plaintiff's arrest, nor did they maliciously prosecute Plaintiff. As a result of that ruling, Dean Harris and Arlani Harris were dismissed from the case.

### A. Defense Counsel Backgrounds.

Andrew C. Pongracz is a partner at Seki, Nishimura & Watase. Declaration of Andrew C. Pongracz ("Pongracz Decl."), ¶ 1. Mr. Pongracz earned his juris doctor degree at Southwestern Law School, where he was a board member of the Trial Advocacy Honors Program. Pongracz Decl. ¶ 2. Mr. Pongracz has extensive experience in cases related to the Los Angeles Sheriff's Department and civil rights cases, his primary practice area since 2009. Pongracz Decl. ¶ 3. Mr. Pongracz has litigated cases on various constitutional rights issues, including claims of violated First Amendment, Fourth Amendment, Fifth Amendment, and Eighth Amendment rights. In 2018, Mr. Pongracz received the honor of joining the American Board of Trial Advocates ("ABOTA") as a result of his jury trial experience, reputation within the bar, and other criteria. Pongracz Decl. ¶ 5.

Parisa Saleki is an associate at Seki, Nishimura & Watase. Declaration of Parisa Saleki ("Saleki Decl."), ¶ 1. She graduated from Southwestern Law School in 2018, where she served as a board member of the Trial Advocacy Honors

Program and a Writing Fellow. Saleki Decl. ¶ 2. After graduation, Ms. Saleki was honored as an ABOTA Fellow. Saleki Decl. ¶ 3. As an ABOTA Fellow, Ms. Saleki clerked for Collins Collin Muir + Stewart, Bryman & Apelian LLP, and the Honorable Judge William D. Stewart. Saleki Decl. ¶ 4. Ms. Saleki was admitted to practice law in December of 2018. Saleki Decl. ¶ 5. She thereafter joined Seki, Nishimura & Watase as an associate in December of 2018.

### B. Counsel for Defendants Worked Diligently in Securing the Dismissals of Dean Harris and Arlani Harris.

Seki, Nishimura & Watase was retained as counsel on behalf of Defendants Dean Harris and Arlani Harris on June 14, 2018. Lead counsel, Andrew C. Pongracz, a partner at the firm, personally handled and supervised the entirety of the case. In total, Mr. Pongracz worked 276.8 hours on this case for Dean and Arlani Harris. Pongracz Decl. ¶ 8.

Parisa Saleki, an associate at Seki, Nishimura & Watase, worked closely with Mr. Pongracz in the motion work in this case. Both Mr. Pongracz and Ms. Saleki worked extensively, and reasonably, on the Motion for Summary Judgment that resulted in Dean and Arlani Harris' dismissals. In total, Ms. Saleki worked 153.9 hours on this case. Id.

An itemized list of work performed is attached to the Declaration of Andrew C. Pongracz as Exhibit "1". The work performed was both reasonable and necessary for adequate representation of Dean and Arlani Harris. The total number of hours expended was 432.6.

### IV.  LEGAL STANDARD

The Civil Rights Attorney's Fees Awards Act of 1976, codified at 42 U.S.C. Section 1988 ("Section 1988"), provides:

> In any action or proceeding to enforce a provision of section[] ... 1983 ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs[.]

DEFENDANTS' MOTION FOR ATTORNEY FEES

1   42 U.S.C. § 1988(b).

2       Despite the discretionary nature of Section 1988(b), "fee awards should be

3   the rule rather than the exception." *Herrington v. County of Sonoma*, 883 F.2d

4   73e9, 743 (9th Cir. 1989) (internal citations and quotations omitted).

5       The reasonableness of attorney fees are calculated by the market rate of

6   similarly experienced attorneys. *See id.* The reasonableness of attorneys' fees

7   necessitates a judgment call by the Court. *Int'l Union of Operating Engineers,*

8   *Local 4 v. Stanley Excavation*, 243 F.R.D. 25, 27 n.5 (D. Me. 2007) (citing 10A

9   C.A. Wright, A.R. Miller & M.K. Kane, Federal Practice & Procedure§ 2683

10  (1998 ed.)). *Green Energy Assocs., LLC v. CH4 Power Inc*., No.

11  118CV01291LJOEPG, 2018 WL 6592774, at *1 (E.D. Cal. Dec. 14, 2018).

12  V.    **ARGUMENT**

13      **A. Parties Stipulated to Use the "Real Rate Report" to Determine a**

14          **Lodestar Rate, as is the Court's Practice**

15      The parties, pursuant to Local Rule 7.3, met and conferred regarding the

16  rates they believe are appropriate in this case. The parties agree and stipulate that

17  an appropriate hourly rate would be based on the median rates for Los Angeles

18  litigation partners and associates as set forth in the 2018 Real Rate Report: $650

19  for partners, and $510 for associates.

20      The parties jointly request the Court to accept these rates, as this Court and

21  other judges in the Central District have done in the past. *See Zielke v. Rosenstiel,*

22  No. 19-cv-0702-PSG (EMX), 2019 WL 1718681, at *2 (C.D.Cal. Mar. 25, 2019).

23  Therefore, Defendant requests that attorney fees incurred with relation to Dean and

24  Arlani Harris be awarded at a rate of $650 per hour for Mr. Pongracz, and $408 per

25  hour for Ms. Saleki. Ms. Saleki's requested rate is 20% below the median based on

26  her admission to the bar in 2018. Despite the parties' stipulation, defense counsel

27  believe this is a reasonable accommodation in light of Ms. Saleki's relative

28  experience.

### B. The Requested Amount of Attorney Fees for Dean Harris and Arlani Harris is Reasonable.

Mr. Pongracz acted as the supervisor and lead counsel in this case. In the early stages of the case, Mr. Pongracz handled all pleadings and discovery matters.

Ms. Saleki worked closely with Mr. Pongracz to execute his strategy and trial plans. As such, while Ms. Saleki drafted initial motions, Mr. Pongracz revised and finalized those motions. The greatest joint project for the attorneys as to Dean and Arlani Harris was the Motion for Summary Judgment filed on behalf of Plaintiffs, the reply filed thereafter, and the related meet and confer process.

Defendants necessarily incurred fees and costs associated with counsel attending several depositions, conducting research and analysis, and attending hearings. Such fees are expected in litigation, and they are reasonable as they are entirely necessary parts of the litigation process.

Defendants hereby request the following fees for the reasonable hours worked in this case:

TOTAL HOURS FOR DEAN AND ARLANI: 432.6

TOTAL FEES: $243,946.20

Mr. Andrew C. Pongracz 276.8 Hours x $650 = $179,920

Ms. Paris Saleki 153.9 Hours x $408 = $62,791.20

Mr. Gilbert Nishimura 1.9 Hours x $650 =$1,235.00

### C. An Award Is Justified For Defendants Dean and Arlani Harris Because Plaintiff's 1983 Claim

A prevailing party in a civil rights action brought under section 1983 may seek an award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988(b). *See Sole v. Wyner,* 551 U.S. 74, 77 (2007); *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest,* 624 F.3d 1083, 1089 (9th Cir. 2010).  That said, the fee provision is not purely bilateral. While prevailing plaintiffs are presumptively entitled to an award, "Attorneys' fees in civil rights cases should only be awarded

DEFENDANTS' MOTION FOR ATTORNEY FEES

to a defendant in exceptional circumstances." *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990); *see also Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1036 (9th Cir. 2005); *Mitchell v. L.A. Cmty. Coll. Dist.,* 861 F.2d 198, 202 (9th Cir. 1989). "The mere fact that a defendant prevails does not automatically support an award of fees.

A prevailing civil rights defendant should be awarded attorney's fees not routinely, not simply because [the defendant] succeeds, but only where the action brought is found to be unreasonable, frivolous, meritless, or vexatious." *Patton v. County of Kings*, 857 F.2d 1379, 1381 (9th Cir. 1988) (citations and internal quotations omitted); *see also Kentucky v. Graham*, 473 U.S. 159, 165 n.9 (1985). Here, Dean and Arlani Harris submit that this case meets and exceeds the articulated standard with respect to Plaintiff's 1983 claim against them despite neither being a state actor. While there are factual scenarios where private citizens can be held liable as joint state actors or co-conspirators with state actors, Plaintiff did not plead or prove such facts here. Therefore, under 42 U.S.C. section 1988, a motion for attorney's fees against Crystal Holmes should be considered with respect to Plaintiff's unsupported 1983 against Dean and Arlani Harris.

VI.    **CONCLUSION**

Based on the foregoing, Dean Harris and Arlani Harris respectfully request that the Court award them $243,946.20 in attorney fees.

Respectfully submitted,

Dated: July 26, 2019             SEKI, NISHIMURA & WATASE, LLP


By: /s/ Andrew C. Pongracz
      ANDREW C. PONGRACZ
      PARISA SALEKI
      Attorneys for Defendants

DEFENDANTS' MOTION FOR ATTORNEY FEES